**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DAWON MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:07CV75 FRB |
| | ) |
| ST. CHARLES COUNTY, | ) |
| MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Dawon Moore (registration no. 1024552), an inmate at Missouri Eastern Correctional Center (MECC), for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $7.72. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint does not survive initial review under 28 U.S.C. § 1915(e)(2)(B). However, because plaintiff is proceeding pro se, the Court will allow plaintiff to file an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess

and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of applicant's account indicates an average monthly deposit of $38.59, and an average monthly balance of $11.78. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $7.72, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from

such relief.  An action is frivolous if "it lacks an arguable basis in either law or in fact."  Neitzke v. Williams, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff has filed a three-count complaint for allegedly deficient medical treatment of an injured thumb.  Count I alleges deliberate indifference to plaintiff's medical needs under 42 U.S.C. § 1983.  Count II alleges negligence under state law.  And Count III alleges negligent training and supervision under state law.  Named as defendants are St. Charles County, Missouri; St. Charles County Jail; Unknown Stahl (Superintendent, St. Charles County Jail); Correctional Medical Services; and several unknown doctors, nurses, correctional officers, shift commanders, and supervisors.

3

Plaintiff alleges that in October 2004, while he was a pretrial detainee at St. Charles County Jail, he fell and injured his thumb. Plaintiff claims that he was promptly examined by the medical staff, diagnosed as having a "superficial injury," and given Motrin and an ice pack.

Plaintiff states that he continued to have pain and swelling despite the Motrin and ice pack. According to plaintiff, his thumb was X-rayed two days after the fall. Plaintiff claims that a doctor reviewed the X-rays and diagnosed plaintiff as having a strained or sprained thumb. Plaintiff says that the doctor ruled out the possibility of a fracture.

Plaintiff alleges that he had continued pain and swelling in his thumb until, several weeks later, he was taken to Barnes Jewish Hospital where his thumb was again X-rayed. Plaintiff contends that Dr. Farley, a hand specialist, diagnosed plaintiff as having fractured his thumb. Plaintiff states that Dr. Farley had to perform surgery on the thumb, which included anaesthetizing plaintiff, re-breaking the thumb, and repairing the bones with the aid of pins.

Plaintiff claims that he now has a small scar on this thumb and that he continues to suffer from limited mobility. Plaintiff further claims that he was not allowed any physical therapy or follow-up doctor visits at Barnes Jewish Hospital after the pins were removed from his hand. Plaintiff believes that he has an

4

increased risk for arthritis as a result of the delay in treatment of his thumb.

## Discussion

**A. Defendants Unknown Doctors, Nurses, Shift Commanders, Supervisors, and Correctional Officers**

As a general rule, fictitious parties may not be named as defendants in a civil action. Phelps v. United States, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985).

The Court finds that the complaint does not make sufficiently specific allegations to permit the identity of the several unknown defendants to be ascertained after reasonable discovery. As a result, the complaint does not survive initial review as to the unknown defendants under 28 U.S.C. § 1915(e)(2)(B).

**B. Supervisory Liability Under § 1983**

In order to state a claim against the supervisory defendants, which include St. Charles County, St. Charles County Jail, Unknown Stahl, and Correctional Medical Services, plaintiff must allege that there was a policy, custom or official action that caused an actionable injury. Sanders v. Sears Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993). Although the complaint alleges that the supervisory defendants' policy or custom caused plaintiff's

5

injuries, the allegations are of a conclusory nature and fail to allege any facts, which if proved, would demonstrate that plaintiff is entitled to relief.  As a result, the complaint fails to state a claim upon which relief can be granted as to the supervisory defendants.

**D.    Conclusion**

The complaint does not survive initial review under 28 U.S.C. § 1915(e)(2)(B).  However, because plaintiff is pro se and proceeding in forma pauperis, the Court finds that plaintiff should be allowed one chance to file an amended complaint in accordance with the Court's instructions.  Plaintiff is warned that his amended complaint will take the place of his original complaint and will be the only complaint which this Court reviews.  In the amended complaint, plaintiff must state the real name of the John Doe defendants.  Further, he must include all of the defendants whom he wishes to sue in the caption of the complaint and set out specific facts against each of them in the complaint.  Failure to follow these instructions will result in the dismissal of the complaint without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $7.72 within thirty (30) days of the date of this

Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that failure to pay the initial filing fee may result in the dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint at this time because the Court will order plaintiff to file an amended complaint.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint as described above within thirty (30) days from the date of this order.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint within thirty (30) days from the date of this order, then the Court will dismiss this action without prejudice.

Dated this 7th Day of February, 2007.

_____
UNITED STATES DISTRICT JUDGE